RICHARD GAGE & *al. versus* HARRIET D. WARD.

A conveyance of land was made, and at the same time a mortgage was given back by the grantee to the grantor to secure the consideration; the first grantor was indebted to the demandant on a note for an amount less than the mortgage held by him, and, three years afterwards, by an arrangement between all the parties, at the same time, the first mortgage was discharged by the mortgagee on receiving his note to the demandant and the balance in money, and the first grantee made a mortgage of the same premises to the demandant to secure the payment of the amount of the note thus given up; *it was held,* that the widow of the mortgagor, who was his wife when all these conveyances were made, was entitled to dower in the premises.

WRIT OF ENTRY. From the agreed statement of facts it appeared, that on October 31, 1835, E. L. Osgood conveyed a tract of land, including the demanded premises, to Jonathan H. Ward, then husband of the tenant, but now deceased; that at the same time Ward mortgaged back the same land to Osgood to secure the consideration therefor; that afterwards, on Oct. 26, 1838, Osgood was liable as surety on a note to the demandants for the sum of $1047,59; that he agreed with Ward to receive the last mentioned note of him in part payment; that Ward agreed with the demandants to procure the discharge of Osgood's mortgage and give his own note and mortgage of this land to them for the amount of Osgood's note held by them; that these arrangements were carried into effect on the same day, Osgood's mortgage having been discharged on receiving the note whereon he was liable, and the balance thereof, in money from Ward; that Mrs. Ward, the tenant, did not give any release of her right of dower; and that after the decease of her husband and before the com-

mencement of this suit, the demanded premises were assigned
to the defendant, under a commission from the Probate Court,
as her dower in the land conveyed by Osgood to her late hus-
band, and by him to the demandants.

*Howard & Shepley* argued for the demandants, and con-
tended that the tenant was not entitled to dower in the pre-
mises.    The note and mortgage to the demandants was for a
part of the same consideration of the note and mortgage to
Osgood, and one was a mere substitution for the other at the
same time.    The seizin of the husband in each case was but
instantaneous, and the widow was not entitled to have claimed
dower in the land as against Osgood, and is not as against the
demandants.    Co. Lit. 31, (b) ;  Cruise, Dower, § 18 ;  *Hol-
brook* v. *Finney*, 4 Mass. R. 566 ;  15 Johns. R. 462 ;  2 Gill.
& J. 318 ;  *Clark* v. *Munroe*, 14 Mass. R. 351 ;  *Small* v.
*Proctor*, 15 Mass. R. 495 ;  *Bird* v. *Gardner*, 10 Mass. R.
364.

*Chase*, for the tenant, said that these conveyances were trans-
actions between different persons, and that the fact that they
took place at the same time, could not vary the rights of those
having an interest in the estate.    If one purchases land and
sells it to another, and the conveyances are executed at the
same time, it does not take away the claim to dower of the
wife of the first grantee.    *Stanwood* v. *Dunning*, 14 Maine
R. 90.

But here the husband of the tenant was seized of the pre-
mises for three years, and the tenant's claim to dower was
perfect against all but Osgood.    When that mortgage was dis-
charged, her right was paramount to any claim whatever.

The demandants claim under the late husband of the de-
fendant, by a conveyance made during the coverture.    They
are estopped to deny his seizin.    *Kimball* v. *Kimball*, 2 Greenl.
226 ;  9 Johns. R. 344.

The opinion of the Court was drawn up by

WHITMAN C. J. — The defendant claims as tenant in dower,
as the widow of Jonathan H. Ward, deceased, to whom the

premises demanded were conveyed, on the thirty-first day of October, 1835 ; and who, on the same day, re-conveyed the same in mortgage to secure the purchase money. Thus the title stood until the twenty-sixth day of October, 1838, when the aforesaid mortgage was cancelled. Before it was discharged it had been agreed, that the deceased should convey the same premises in mortgage to certain individuals, to whom the deceased's grantor was indebted, in satisfaction in part of the debt, which the deceased owed him, and to secure the same amount to those individuals ; and the conveyance was made accordingly ; and, at the same time, the former mortgage was cancelled. The question now raised is, was the deceased so seized during his life, that the defendant was entitled to dower in the premises.

It is contended, that the deceased was never seized, except for an instant ; and, therefore, that the defendant was not entitled to dower. Numerous authorities are cited by the counsel for the plaintiffs to show that such was the case. But they do not appear to us to apply to such a state of facts as the case exhibits. The mortgagor is seized against all the world, the mortgagee only excepted. Against him he has but a right of redemption ; and of this his widow would be dowable, as our courts have repeatedly decided. A mortgage is but an incumbrance, which may be removed. It might be removed by a widow, she being dowable of an equity of redemption ; and the whole estate would be held by her till she was reimbursed for all she had paid, over and above her share of the incumbrance. The moment an incumbrance is removed, the estate is held the same as if no incumbrance had ever existed upon it. When the first mortgage was discharged, therefore, the first instantaneous seizin, as it was against the mortgagee, was converted into a continued seizin against him, as it was before against all the world besides.

Those, claiming under the last mortgage, as are the plaintiffs here, have no connexion with the former mortgage. They are strangers to it. It is, as to them, as if it never had existed. They cannot, therefore, set it up, whether cancelled or

not, to defeat the defendant's claim of dower. As against them the deceased was seized from the time he took his deed. The arrangement that was made in reference to the exchange of securities can have no bearing upon the point at law; and the courts in this State are not vested with power to take cognizance of it in equity, if there were any ground for so doing.

*Judgment on the nonsuit.*